UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN GRANT,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 10-423-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 10, 11.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

I.

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue which Plaintiff raises as the grounds for reversal and/or remand is whether the ALJ properly considered the opinion of treating physician, Misha Askren, M.D.  (JS at 4.)

II.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

III.

**DISCUSSION**

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the severe combination of impairments of diabetes mellitus, type 2, with no significant retinopathy, and minimal, if any, peripheral neuropathy; mild spondylolysis and moderate spinal canal stenosis at C5-C6 of the cervical spine with no reliable evidence of cervical radiculopathy;

and hypertension with no evidence of end-organ damage. (Administrative Record ("AR") at 22.) The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work, except that she is able to lift and/or carry twenty pounds occasionally and frequently; stand and/or walk for six hours, and sit for six hours in an eight-hour workday; balance and climb stairs/ramps frequently; climb ladder/rope/scaffold, stoop, kneel, crouch, and crawl occasionally; be exposed to extremes of hot and cold, humidity, moving machinery, and heights on an occasional basis; be exposed to vibrations, dust, smoke, and fumes on a frequent basis; be exposed to moderate noise; and operate a motor vehicle on an infrequent basis. (Id. at 24.) He found she was capable of performing her past relevant work as an Order Clerk (Dictionary of Occupational Titles No. 249.362-026), which the vocational expert ("VE") testified is sedentary and semi-skilled work. (AR at 27-28.)

**B.  Opinions of the Treating Physician Regarding Plaintiff's Diarrhea.**

In a July 7, 2009, letter to the Appeals Council, submitted after the ALJ's decision,[3] Dr. Askren wrote:

> A larger problem has been the diarrhea. This has been much more of a problem mentioned as early as the office visit of June 2008. It has progressed to be uncontrollable at times and resulting in fecal incontinence. The evaluation has ruled out other causes for the diarrhea,

---

[3] Defendant correctly notes that the Appeals Council denial of review of an ALJ's decision is not reviewable (JS at 9 (citing Russell v. Bowen, 856 F.2d 81, 83-834 (9th Cir. 1988).) However, because the Appeals Council considered the additional information in denying review (see AR at 4-5 ("In looking at your case, we considered . . . the additional evidence listed . . . . We found that this information does not provide a basis for changing the Administrative Law Judge's decision")), this Court will also consider it. Lingenfelter v. Astrue, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007); Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

> so that it is due to an autonomic neuropathy which diabetes does cause. In her last visit with the gastroenterologist Ms. Grant does state this is happening more frequently the last six months, especially the incontinence. This is again an unpredictable problem which interferes with her ability to hold a job. She has become hesitant to leave the house. Her attendance at work would be affected by this as well as her productivity since she could need to leave work unexpectedly depen[d]ing on the severity of the diarrhea. It has not been controlled completely by medications and as noted is actually becoming worse. [¶] In summary, due to the complications of diabetes mentioned above, I am in support of the appeal by Ms. Grant for the Decision of April 23, 2009 to be reconsidered and that she be granted disability.

(Id. at 10.) Other than this opinion letter, no additional medical records were submitted to the Appeals Council.

Plaintiff contends the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, to reject Dr. Askren's findings. (JS at 4-8, 13-14.) Plaintiff also complains that the ALJ ignored Dr. Askren's opinion that Plaintiff's impairments would cause her to miss more than four days of work per month (id. (citing AR at 252)), and that her diarrhea would prevent her from performing sustained work activity (id. (citing AR at 25-27)).

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other

evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). As with a treating physician, the controverted findings of an examining physician may only be rejected by the ALJ for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)).

With regard to Dr. Askren's opinion, the ALJ stated as follows:

> I also give less weight to the June 2008 opinions of Dr. Askren, a treating physician at Kaiser Permanente. Dr. Askren opined in an Arthritis Residual Functional Capacity Questionnaire, a Diabetes Mellitus Residual Functional Capacity Questionnaire, and a Physical Residual Functional Capacity Questionnaire that the claimant is unable to perform even sedentary work. Rather than relying upon objective diagnostic or clinical findings to formulate an opinion, the doctor relies heavily upon the subjective complaints of the claimant, and the claimant is not entirely credible. The doctor's contemporaneous clinical examination on June 6, 2008 does not substantiate a limitation to less than sedentary work. For example, in the progress note documenting that examination, the doctor did not even mention any abnormal findings regarding the claimant's hands but instead noted that the claimant had normal strength and sensory functions in the upper extremities. Further, the claimant's gait was not antalgic. Dr. Askren also gave an opinion on

        the claimant's ability to perform some of the mental aspects of work but did not conduct even a cursory mental status examination during the June 6, 2008 examination, and the records from Kaiser Permanente do not contain any evidence that the claimant ever underwent a formal mental status examination since her alleged onset date. In addition, most of the doctor's abnormal clinical findings were not reproducible only a few months later by the consultative examining internist. Finally, Dr. Askren noted that the claimant is treated only every three to four months, and such a level of treatment is not commensurate with the doctor's opinion regarding extreme limitations.

(AR at 27.) With respect to Plaintiff's allegations of "frequent diarrhea," the ALJ specifically noted that that claim was "not substantiated by the progress notes and other medical records from treating sources as being a chronic problem that has lasted or is expected to last for 12 continuous months." (Id. at 23.) He also found Plaintiff's complaints of pain were exaggerated and not substantiated by any reliable evidence of record or commensurate with her rather routine treatment history.[4] (Id. at 26.) He gave the greatest weight to the opinion of the consultative, examining internist, Dr. Siciarz. (Id.)

        The medical records show that Plaintiff saw Dr. Askren on seven occasions since November 30, 2006,[5] the alleged onset of disability (see id. at 20):

(1)    March 14, 2007 (id. at 174-77 ("Has diarrhea several times daily, no blood and no cramping. Has been happening recently."));

(2)    April 11, 2007 (id. at 171 (no mention of diarrhea));

(3)    September 7, 2007 (id. at 222-27 (no mention of diarrhea));

---

[4] Plaintiff does not dispute the ALJ's credibility determination.

[5] The records also show a visit to Dr. Askren on November 6, 2006 (id. at 178-80). There was no mention of diarrhea at that visit.

(4) January 16, 2008 (id. at 238 (colonoscopy referral requested;[6] no mention of diarrhea));

(5) January 31, 2008 (id. at 207-13 (no mention of diarrhea));

(6) May 1, 2008 (id. at 234-35 (no mention of diarrhea)); and

(7) June 6, 2008 (id. at 231-33 (experienced "severe diarrhea" the previous night)).

Thus, on only two visits, more than a year apart, did Plaintiff report a problem with diarrhea. On both occasions, Dr. Askren prescribed Imodium (id. at 177); on the second visit, June 6, 2008, he also prescribed Cholestyramine "to help prevent diarrhea" as well as lower cholesterol, which on that visit registered 212 (id. at 232-33). Plaintiff also complained of vomiting and nausea right after eating, possible symptoms of gastroparesis,[7] on only that one occasion, June 6, 2008. (Id. at 231.)

The medical records support the ALJ's conclusion that Dr. Askren's opinions regarding Plaintiff's diarrhea were unsupported by his own records. According to Dr. Askren, his examinations and a colonoscopy revealed no abnormal findings (see id. at 174 ("abd[omen] non-tender with no distension"), 228 ("n[orma]l colonoscopy"), 231 ("the abdomen is soft without tenderness, guarding, mass, rebound or organomegaly. Bowel sounds are normal").) Dr. Askren confirmed in his opinion letter that no affirmative evidence for the cause

---

[6] On February 6, 2008, the colonoscopy, which the gastroenterologist reported to be for "screening" purposes of the fifty-two year old Plaintiff, was conducted. (AR at 228-30.)

[7] Dr. Askren's notes show that Plaintiff's problem with diabetic gastroparesis with autonomic neuropathy, was first noted on October 10, 2005, by "SCAL, PROVIDER," and was not resolved. (AR at 175.) Gastroparesis is "a disorder in which the stomach takes too long to empty its contents." (JS at 10 n.4 (citation omitted).)

of Plaintiff's diarrhea had been found and that his diagnosis of "autonomic neuropathy" was arrived at by "rul[ing] out other causes for the diarrhea." (Id. at 10.) Thus, Dr. Askren's opinion that Plaintiff suffers from "uncontrollable" diarrhea is conclusory and unsupported by his own clinical findings. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ need not accept the opinion of a doctor that is "conclusory and brief and unsupported by the clinical findings").

Moreover, as the ALJ also noted, Dr. Askren seems to have based his opinion letter, as well as his RFC question largely on Plaintiff's subjective complaints. (AR at 27.) Because the ALJ found that Plaintiff was not fully credible (id. at 25-26), a finding Plaintiff does not dispute, Dr. Askren's opinions were properly disregarded (id. at 27). Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'") (quoting Fair v. Bowen 885 F.2d 597, 605 (9th Cir. 1989).

The ALJ gave great weight to the November 12, 2008, opinion of the examining physician, Kristof Siciarz, M.D. (AR at 26 (citing id. at 261-71).) He found that examination to be the "most comprehensive report" and consistent with both the objective medical evidence and Plaintiff's treatment history. (Id.) Plaintiff did not complain of either diarrhea or gastroparesis to Dr. Siciarz.[8] (Id. at 261.) His examination found that the "abdomen is not distended. Bowel sounds are present." (Id. at 263.) Dr. Sicisarz found Plaintiff could lift and/or carry ten pounds continuously and twenty pounds frequently; stand and/or walk for a total

---

[8] Dr. Siciarz noted that Plaintiff's records showed she was being medically followed for "diabetes type 2, anxiety disorder, diabetic autonomic neuropathy, gastroparesis, diabetic retinopathy, and hematuria. (AR at 261.)

of six hours and sit for a total of eight hours in an eight-hour workday; perform manipulation with the upper extremities continuously; use her feet to operate foot controls continuously; perform postural activities at least occasionally; and had some environmental limitations; findings consistent with the ALJ's RFC.  (Id. at 26-27 (citing id. at 265-70).)  The ALJ properly resolved the conflict between Dr. Askren's opinion and Dr. Siciarz' opinion, in favor of Dr. Siciarz.  Andrews, 53 F.3d at 1041 ("where the opinion of Plaintiff's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating physician may itself be substantial evidence; it is solely the province of the ALJ to resolve the conflict") (citation omitted); Tonapetyan, 242 F.3d at 1149 (a consultative examiner's opinion "constitutes substantial evidence, because it rests on its own independent examination" of the claimant).

Based on the above, the Court finds that the ALJ provided specific and legitimate reasons for rejecting Dr. Askren's opinion regarding Plaintiff's diarrhea and gastroparesis.  Thus, there was no error.

## IV.
## ORDER

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: November 19, 2010

HONORABLE OSWALD PARADA
United States Magistrate Judge